**WO** JKM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Javier Arizola Alonzo,

Petitioner,

vs.

Phillip Crawford, et al.,

Respondents.

No. CV 06-2986-PHX-MHM (BPV)

**ORDER**

Petitioner Javier Arizola Alonzo (A90-210-641), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The filing fee has been paid. The Court will dismiss the Petition for lack of jurisdiction.

**I. Background**

In 1982, Petitioner's parents filed an N-600 application for a certificate of citizenship. In 2002, Petitioner was indicted in the United States District Court for the District of Nevada on a charge of illegal reentry in violation of 8 U.S.C. § 1326(a). On February 28, 2003, the Government's oral motion to dismiss the indictment was granted and Petitioner was remanded to the Immigration and Naturalization Service (INS).[1] On April 11, 2003, an

[1] The INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security on March 1, 2003. Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

immigration judge found that Petitioner had made a prima facie case of United States Citizenship and granted Petitioner's request for release from custody.

Sometime in 2006, the Department of Homeland Security (DHS) again took Petitioner into custody and alleged that he was removable because his 1982 N-600 application had been denied. On September 22, 2006, Petitioner filed a second N-600 application for a certificate of citizenship. In October of 2006, Petitioner filed a motion to reopen his first N-600 application. Petitioner is apparently still in removal proceedings before the immigration judge. Petitioner's sole claim for habeas corpus relief is that his detention and removal proceedings are improper because he is a citizen of the United States.

**II. Subject Matter Jurisdiction**

The United States Court of Appeals for the Ninth Circuit Court has held that 8 U.S.C. § 1252(b)(5) vests exclusive jurisdiction in the courts of appeals to review an alien's claim to citizenship made in the context of removal proceedings. Baeta v. Sonchik, 273 F.3d 1261, 1263-64 (9th Cir. 2001). Accordingly, Petitioner's claim that his removal proceedings are improper because he is a citizen of the United States is not cognizable as an original habeas corpus action in this Court.

When a citizenship claim is improperly brought in the district court, the court must consider whether the action should be transferred to the court of appeals pursuant to 28 U.S.C. § 1636. Baeta, 273 F.3d at 1264-65. Under § 1631, the Court must determine whether: (1) the court of appeals would have had jurisdiction on the date the petition was filed in this Court; (2) this Court lacks jurisdiction over the case; and (3) the transfer is in the interest of justice. See Baeta, 273 F.3d at 1264. Transfer is not appropriate in this case because the first requirement is not met. The Ninth Circuit would not have had jurisdiction because the immigration judge has not yet issued an order of removal. Moreover, if the immigration judge does issue an order of removal, Petitioner must timely appeal the immigration judge's decision to the Board of Immigration Appeals. Only after Petitioner has exhausted all available administrative remedies will the Ninth Circuit have jurisdiction to review his citizenship claim. See Taniguchi v. Schultz, 303 F.3d 950, 956 (9th Cir. 2002)

(transfer of citizenship claim from district court to court of appeals is improper if the alien has failed to exhaust administrative remedies). Accordingly, the Petition cannot be transferred to the Ninth Circuit and it must be dismissed for lack of jurisdiction.

**IT IS ORDERED** that the Petition and this action are **dismissed** for lack of jurisdiction. The Clerk of Court must enter judgment accordingly.

DATED this 12th day of February, 2007.

Mary H. Murguia
United States District Judge